UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACHARY R. ROSENTHAL,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>LEWIS COUNTY , *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. 3:24-cv-05162-RSM-GJL<br><br>SHOW CAUSE ORDER |

This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge Grady J. Leupold. Plaintiff Zachary R. Rosenthal, proceeding *pro se*, filed a motion to proceed in this action *In Forma Pauperis* ("IFP") (Dkt. 1) and a proposed civil rights Complaint (Dkt. 1-1). Upon review, the Court **DEFERS** decision on the IFP Motion, **DECLINES** to serve the proposed Complaint, and **ORDERS** Plaintiff to **SHOW CAUSE** why his claims should not be **DISMISSED** for failure to state a claim on or before **April 8, 2024**.

I.  BACKGROUND

Plaintiff's claims and factual allegations arise out of two simultaneous state-court prosecutions before the Lewis County Superior Court ("Superior Court") in mid-to-late 2023.

SHOW CAUSE ORDER - 1

1   Dkt. 1-1. Plaintiff alleges that there were excessive delays in appointing counsel to aid him in

2   those prosecutions, which caused him mental, emotional, and financial stress. *Id.* at 4–5.

3        After defense counsel was appointed, Plaintiff claims that a Superior Court policy of

4   holding virtual hearings deprived him of meaningful assistance of counsel at a critical stage of

5   his prosecution. *Id.* at 6–7. In particular, Plaintiff complains that his preliminary hearing was

6   held virtually, which forced him to confer with his attorney in front of everyone present at the

7   virtual hearing. *Id.* at 7. Plaintiff states that the inability to have a private conversation with his

8   attorney prejudiced his case and caused him mental and emotional suffering. *Id.*

9        As relief, Plaintiff requests an investigation into the Superior Court's alleged policy of

10  holding virtual hearings that hinder private communications between defendants and their

11  attorneys and $1.25 million in compensatory damages. Dkt. *Id.* at 8.

12        **II.     LEGAL STANDARD**

13        Under the Prison Litigation Reform Act of 1996, the Court must screen complaints

14  brought by prisoners seeking relief against a governmental entity or officer or employee of a

15  governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any

16  portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim

17  upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

18  from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. §1915(e)(2)(B); *Barren v.*

19  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds counts as a

20  "strike" under 28 U.S.C. § 1915(g).

21        To sustain a 42 U.S.C. § 1983 claim, Plaintiff must show that he suffered a violation of

22  rights protected by the Constitution or created by federal statute, and that the violation was

23  proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487

24

SHOW CAUSE ORDER - 2

1  U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must
2  provide more than conclusory allegations; he must set forth specific, plausible facts to support
3  his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).
4      After informing a *pro se* litigant of any pleading deficiencies, a court must generally
5  grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be
6  cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992) However, if
7  the claims put forth in the complaint lack any arguable substance in law or fact, then the
8  complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *see Akhtar v. Mesa*, 698 F.3d
9  1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave
10 to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured
11 by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

### III.  DISCUSSION

13     Plaintiff brings two separate, but related, claims. First, he alleges that his Sixth
14 Amendment right to counsel was violated through excessive delays in appointing counsel to
15 assist in his state-court prosecutions. Dkt. 1-1, at 4–5. Second, he alleges that his constitutional
16 right to counsel was further violated when he was prevented from privately conferring with his
17 attorney during a critical stage of his case. *Id.* at 6–8. Upon review, the Court finds that both
18 claims are likely barred by Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487
19 (1994).

20 **A.  Plaintiff's Claims are Likely Barred by the *Heck* Doctrine**

21     A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the
22 plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the
23 complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence
24

has already been invalidated." *Heck*, 512 U.S. at 487. This is, in part, because the proper mechanism for obtaining federal judicial review of a state-court conviction is not a § 1983 action, but rather a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after state judicial remedies are exhausted. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Even where, as here, a civil-rights plaintiff merely wishes to pursue damages and does not seek to challenge the legality of his conviction, *Heck* still requires the Court to consider whether a favorable decision would call into question the validity of his state-court conviction. Thus, "[t]he critical question under *Heck* is a simple one: Would success on the plaintiff's § 1983 claim 'necessarily imply' that his conviction was invalid?" *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018) (quoting *Heck*, 512 U.S. at 487).

Here, the answer to that question is very likely "yes." Once a criminal prosecution has begun, the Sixth Amendment requires that counsel "be appointed within a reasonable time…to allow for adequate representation at any critical stage before trial, as well as at trial itself." *Rothgery v. Gillespie County*, 554 U.S. 191, 212 (2008). Upon a showing of prejudice, deprivation of the assistance of counsel at a critical stage (*e.g.*, a preliminary hearing) requires "automatic reversal" of the resulting conviction. *United States v. Ehmer*, 87 F.4th 1073, 1105 (9th Cir. 2023). In fact, Plaintiff himself identifies a case in which, on similar facts to those alleged here, the inability to privately confer with counsel at a virtual preliminary hearing and other critical stages resulted in a criminal conviction being overturned. Dkt. 1-1, at 6 (citing *Bragg v. State*, 536 P.3d 1176, 1186 (Wash. Ct. App. 2023) ("We reverse [defendant]'s convictions and remand this matter to the trial court for a new trial where [he] has the meaningful assistance of counsel throughout each critical stage proceeding.").) Because
SHOW CAUSE ORDER - 4

Plaintiff's § 1983 claims, if successful, would call into question whether his conviction must be reversed, the Court finds they are likely barred by the *Heck* doctrine.

Accordingly, Plaintiff must show cause why the Court should not recommend dismissal of his proposed Complaint as barred under *Heck*. Alternatively, Plaintiff may voluntarily dismiss this action and, instead, file a petition for a writ of habeas corpus after exhausting his state court remedies—if at any point during that process Plaintiff's conviction is invalidated, only then should he refile this action.

B.    **Additional Deficiencies**

The Court briefly notes that the Complaint contains other deficiencies. For example, Lewis County is named as a defendant, but Plaintiff alleges no actions that are attributable to this defendant. Rather, Plaintiff only complains about actions taken by the Superior Court and its employees—as a state entity, the Superior Court's actions (and those of its employees) are attributable to the State of Washington, not the county in which it sits. *Penry v. Thurston Cty.*, 89 F. App'x 619, 620 (9th Cir. 2004) (explaining that the Superior Courts of Washington are state entities).

For this same reason, the Superior Court is not a "person" subject to § 1983 liability. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61 (1989) (state entities are not "persons" under 42 U.S.C § 1983). Furthermore, Plaintiff's claims for damages against the Superior Court and its employee are barred by the Eleventh Amendment. *See Penry*, 89 F. App'x at 620; *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21 (9th Cir. 1983). Nevertheless, because Plaintiff's claims are likely barred by *Heck v. Humphrey*, the Court will not address these other deficiencies in detail unless and until Plaintiff is able to show cause why his claims are not *Heck* barred.

## IV.  CONCLUSION

Due to the deficiencies described above, the Court declines to serve the proposed Complaint (Dkt. 1-1) and, instead, Plaintiff is **ORDERED** to **SHOW CAUSE** as to why his Complaint should not be dismissed as *Heck* barred. If Plaintiff fails to respond to this order on or before **April 8, 2024**, the undersigned will recommend **DISMISSAL** of this action pursuant to 28 U.S.C. § 1915. Alternatively, Plaintiff may choose to voluntarily dismiss this action before that date.

The Clerk of Court is **DIRECTED** to renote the IFP Motion (Dkt. 1) for consideration on **April 8, 2024**.

Dated this 18th day of March, 2024.

Grady J. Leupold
United States Magistrate Judge